■     STEVEN L. GRUBER, Respondent, v. STANLEY CHVATIL, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Nassau County, dated February 26, 1973, which granted plaintiff's motion to strike the affirmative defense that plaintiff's exclusive remedy is workmen's compensation. Order reversed, with $20 costs and disbursements, and motion denied. In our opinion, whether the injury allegedly sustained by plaintiff is within the scope of the Workmen's Compensation Law is a matter to be determined upon a trial. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■     In the Matter of EVELYN M. (ANONYMOUS), Appellant.— In a proceeding to adjudge appellant to be a person in need of supervision, the appeal is from an order of the Family Court, Kings County, dated March 7, 1973 and made after a fact-finding determination, which ordered appellant placed with the Division for Youth (New York State Training School). Order reversed, without costs, on the law, and matter remitted to the Family Court for further proceedings not inconsistent herewith. In our opinion, the Court of Appeals' decision in *Matter of Ellery* C. (32 N Y 2d 588) is retroactively applicable to persons in need of supervision who are currently confined in State training schools pursuant to orders made prior to that decision. (Cf. the retroactivity of the decision of the Supreme Court of United States in *Furman* v. *Georgia*, 408 U. S. 238, discussed in *Robinson* v. *Neil*, 409 U. S. 505.) Persons confined pursuant to such orders are entitled to remission of their cases to the Family Court for placement in suitable treatment programs. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.

■     THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS BETTARD, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Queens County, rendered June 2, 1972, upon a plea of guilty. Sentence reversed, on the law, and case remitted to the Criminal Term for resentencing. The sentencing court failed to comply with the requirements of CPL 380.50. Full compliance with the terms of this provision is required in all cases (*People* v. *McClain*, 42 A D 2d 868; *People* v. *Schiavone*, 42 A D 2d 738; *People* v. *Brown*, 41 A D 2d 850, amd. 41 A D 2d 930; *People* v. *Gilliam*, 40 A D 2d 1036). Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.